**INLAND STEEL BAR CO., Plaintiff,**

v.

**UNITED STATES, Defendant,**

and

**United Engineering Steels, Ltd., Defendant–Intervenor.**

Slip Op. 96–134.
Court No. 93–04–00234.

United States Court of
International Trade.

Aug. 13, 1996.

**ORDER**

CARMAN, Judge.

The Court of Appeals for the Federal Circuit having remanded this matter to this Court, *see Inland Steel Bar Co. v. United States,* 86 F.3d 1174 (Fed.Cir.1996), *rev'g and remanding* 858 F.Supp. 179 (CIT 1994), for the reasons set forth in *Saarstahl AG v. United States,* 78 F.3d 1539 (Fed.Cir.1996), *rev'g and remanding Saarstahl, AG v. United States,* 858 F.Supp. 187 (CIT 1994), it is hereby

ORDERED that this case is remanded to the Department of Commerce; and it is further

ORDERED that on remand, Commerce is to: (1) define "productive unit"; (2) determine whether a "productive unit" is capable of receiving a subsidy under 19

sanction action by seeking a temporary restraining order to restrict Customs.

U.S.C. § 1677(5)(B) (1988), as described in *British Steel plc v. United States,* 879 F.Supp. 1254 (CIT 1995), *appeals docketed,* Nos. 96–1401 to –06 (Fed.Cir. June 21, 1996), and *British Steel PLC v. United States,* 924 F.Supp. 139 (CIT 1996), *appeals docketed,* Nos. 96–1401 to –06 (Fed.Cir. June 21, 1996); (3) determine whether British Steel Corporation's Special Steels Business was a "productive unit" capable of receiving a subsidy; (4) if Commerce determines the Special Steels Business was a "productive unit" and that a "productive unit" is capable of receiving a subsidy, determine whether subsidies were "provided to" the Special Steels Business prior to the joint venture transaction at issue, and if so, whether this results in countervailing duty liability for United Engineering Steels Limited; (5) if Commerce determines the Special Steels Business was not a "productive unit," was not capable of receiving a subsidy, or that subsidies were not "provided to" the Special Steels Business, determine whether the parties discounted the purchase price at issue to account for any countervailing duty liability otherwise attributable to British Steel Corporation and, if so, whether this results in countervailing duty liability for United Engineering Steels Limited; and it is further

**ORDERED** that Commerce shall file this remand with the Court no later than August 26, 1996; and it is further

**ORDERED** that all initial comments on the remand determination must be filed no later than September 3, 1996, and all rebuttals to the comments must be filed no later than September 10, 1996. Parties may not file both initial comments and rebuttals. No comments or rebuttals shall exceed ten pages.